

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1409
Re: (1) Proper method, under Art.
1255, V.A.C.S., of assessing and
collecting taxes levied by district
court under the authority of Art.
1264, V.A.C.S., for paying debts
of cities and towns whose corporate
existence has been abolished. (2)
Are taxes so levied and collected
subject to the discount for prompt
payment allowed by Art. 7057d,
V.A.C.S., (S.B. 402, Acts, Reg. Ses.,
46th Leg.), and if so, should such
order for a discount emanate from
the district court, the receiver
therein, or the Commissioners'
Court.

Under date of September 22, 1939, you submit for the
opinion of this Department the following questions which we copy
from letter to you from the Tax Assessor-Collector of Bexar County,
Texas:

"Several months ago we were handed an order, (copy
attached), from the District Court of this County, and
proceeded to comply with same in this manner. We com-
piled a tax roll of the area concerned from the approved
assessments of the County and State, listing on this
special tax roll of this township, the name of the owner
assessed, the description of the property, assessed value,
and the amount of the taxes. From this roll the amounts
will be carried forward to the tax receipt of the County.
This procedure is the same, as that of the Common School
Districts that we assess and collect for, which is duly
provided for in the Statutes. In this case this District
Court Order refers to--Assess and collect as provided by
law. The only thing I find is Art. 1255 which proceeds;

Eon. Geo. H. Sheppard, Page 2

(Whenever the District Court, having jurisdiction in the premises, has or may order the assessment and collection of taxes for the payment of the indebtedness of such town or city, the tax assessor for the County in which such town or city is situated shall assess the taxes so ordered in like manner as taxes in rural school districts.) I believe this reference to rural school districts is the same as a common school district. This point is what I would like to have straightened out. Would it be possible for a ruling on this question?

"The Commissioners Court of this County has ordered that we comply with Sen. Bill 402, and allow the discounts for 1939 on County and the various common school districts that we assess and collect for. The question is are we authorized to discount under this order for this township, or do we have to have the order from the Receiver of this township or from the District Court, or can we discount any of this tax at all?"

Answering your first question, we cannot say that the Tax Assessor-Collector of Bexar County has not proceeded correctly in the assessment and collection of taxes levied by the District Court of Bexar County, apparently under the authority of Article 1254, Vernon's Annotated Civil Statutes, and for the purpose of discharging the indebtedness of a city or town of said county, whose corporate existance has been abolished under Title 28, Chapter 19, Vernon's Annotated Civil Statutes. We answer your question in this manner because both the judgment of the District Court, under which the Assessor-Collector is purporting to act, and the particular article of the above title governing the assessment and collection of taxes under such judgment, are so indefinite and vague as to furnish no direction or guide in such matters whatsoever.

We do not have the benefit of a copy of the judgment in question, but from the above factual statement it appears that such judgment merely directs the Assessor-Collector of Bexar County to "assess and collect as provided by law" the taxes in question. Such general direction is of no assistance to the tax authorities of Bexar County and we turn to the statute upon which such judgment was rendered, for guidance, with the rule of law in mind that such statute would be, in contemplation of law, incorporated in such judgment. This statute is Article 1255, Vernon's Annotated Civil Statutes, which reads as follows:

"Whenever the district court, having jurisdiction in the premises, has or may order the assessment and collection of taxes for the payment of the indebtedness of such town, or city, the tax assessor for the county in which such town or city is situated, shall assess the taxes so ordered in like manner as taxes in rural school districts. The county tax collector of such county shall collect such taxes in like manner as taxes in rural school districts. This article shall not repeal any part of Articles 1245 to 1250 inclusive. For the services rendered under this article, the assessor and collector shall receive the same compensation as for like services for the assessment and collection of taxes in rural school districts; and said collector shall pay such taxes when collected, to the receiver of such city or town." (Underscoring ours)

The statutory directions to the Tax Assessor-Collector of Bexar County are embodied within the underlined portions of the above article, but we submit that they shed no light upon this question. The kinds and classifications of school districts under our confused and confusing School Laws are various and divers, but the type mentioned in the statute, i. e. "rural school district," is unknown to the writer and to the school laws. To say that the Legislature was referring to rural high school districts would be the veriest surmise, nor would it assist in the proper determination of your first question, because a glance at the statutes governing rural high school districts, particularly Article 2922L, Vernon's Annotated Civil Statutes, reveals that such districts assess their taxes through their own tax assessor and board of equalization, and although the county tax collector collects such taxes, we find no specific statutory direction in connection therewith.

On the other hand, the Assessor-Collector construes "rural school districts" described in the article under consideration as meaning "common school districts." This construction is more practical than the other because Article 2795, Vernon's Annotated Civil Statutes, governing common school district taxes, provides that the county tax assessor "shall assess said taxes as other taxes are assessed" and the county tax collector shall "collect said taxes as other taxes are collected." But we must say that this interpretation is not justified by the term "rural school district" nor by the context of the Article in which it appears.

We are not at liberty to enter into the field of speculation as to what the Legislature intended by the use of the term "rural school district" in Article 1255, Vernon's Annotated Civil Statutes, and the statutory direction therein given to county tax

Hon. Geo. H. Sheppard, Page 4

assessors-collectors is so vague and indefinite as to be meaningless. In such case we think the Tax Assessor-Collector of Bexar County proceeded correctly to assess and collect the taxes in question in the mode and manner followed by such official in the collection of State, county and common school district taxes.

Your second question relates to the applicability of Senate Bill No. 402, Acts, Regular Session, 46th Legislature, brought forward in Vernon's Annotated Civil Statutes as Article 7057d, to the taxes involved here. The cited statute, in order to encourage prompt payment of taxes, allows the taxpayer a graduated discount upon payment of his taxes within specified dates before delinquency, but does not apply to the various political subdivisions and taxing districts of the State, including counties and municipal corporations, unless and until the governing body thereof orders the adoption of its provisions. It appears that the Commissioners' Court of Bexar County has adopted the provisions of this discount statute, but this would be of no avail to a taxpayer of city taxes, as such order, in its operation, would be limited to county taxes. The fact that the County Tax Assessor-Collector of Bexar County is charged under Article 1255, Vernon's Annotated Civil Statutes, with the assessment and collection of taxes levied by the District Court in the manner and under the authority above discussed, would not mean that such taxes would be placed in the same category with county taxes in regard to the discount ordered by the Commissioners' Court of Bexar County. The taxes in question are levied in connection with a dissolved municipal corporation, and if discountable at all, the order allowing same must emanate from the District Court or from the receiver appointed by said court, and charged with the winding up of the affairs of said city or town.

But we are of the opinion that the discount statute, Article 7057d, Vernon's Annotated Civil Statutes, has no application to the instant case, because such statute was intended to relate to taxes due the State and its various political subdivisions, taxing districts and municipal corporations, under the general tax laws governing such respective taxing units. We do not believe such general discount statute was meant to apply to the special case or contingency provided by the Legislature by Articles 1241-1263, Vernon's Annotated Civil Statutes. The Articles referred to comprise Chapter 10, Title 28, Revised Civil Statutes of Texas, and concern only the winding up of the affairs of cities and towns voting to abolish their corporate existence. More specifically, the statutes provide that at the instance of a creditor of such city or town, a receiver may be duly appointed by the district court to administer the assets of such city or town for the benefit of creditors. In this connection Article 1254, Vernon's Annotated Civil Statutes, provides for the levy of the taxes in question as follows:

Hon. Geo. H. Sheppard, Page 5

     "The district court of the county in which such town or city is situated, and in which such receivership is pending, shall provide for the payment of all claims legally established against such city or town, and determine the priority of any claims and order the sale of all property in the hands of the receiver subject to sale for such purpose, and direct such receiver to pay such claims. If the money and proceeds of property are insufficient to pay such indebtedness, then said court, at the request of any creditor, at the first regular term of said court in each year, shall levy a tax upon all the property and real and personal estate situated within the limits of said city or town, as previously incorporated, on the first day of the preceding January, not exempt from taxation under the Constitution and laws of this State, sufficient to discharge the indebtedness, but not to exceed the rate allowed by existing law for such purposes in incorporated cities and towns."

     To our mind, taxes levied under the conditions outlined in the foregoing article and for the specific purpose of discharging a certain indebtedness, rather than for the usual and general purposes for which taxes are levied under the Constitution and statutes, are not such taxes as would be brought within the purview and scope of Article 7057d, Vernon's Annotated Civil Statutes, allowing discounts.

     Trusting that the foregoing fully answers your inquiry, we are

                               Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                      By

                               Pat M. Neff, Jr.
                               Assistant

APPROVED NOV 2, 1939

PMN:N

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN